UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PENUNURI,<br><br>    Plaintiff,<br><br>    v.<br><br>O. SMITH, et al.,<br><br>    Defendants. | Case No. 19-cv-06112-WHO (PR)<br><br>**ORDER EXTENDING DISCOVERY DEDLINE; ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL; ORDER DISMSSING TWO DEFENDANTS; ORDER SETTING BRIEFING SCHEDULE**<br><br>Dkt. Nos. 15 and 19 |

This order addresses two pending motions, dismisses two unserved defendants, and sets a dispositive motion deadline.

**(i)** Defendants' motion to extend the discovery production deadline to June 21, 2020 is GRANTED. (Dkt. No. 19.)

**(ii)** Plaintiff Penunuri's moves for the appointment of counsel. (Dkt. No. 15.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery,

nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2018 Annual Report, https://www.ca9.uscourts.gov/judicial_council/publications/AnnualReport2018.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

At least at this stage of the proceedings, Penunuri has not shown that exceptional circumstances exist. His filings are clear, and the suit does not present complex legal issues. Accordingly, Penunuri's motion for the appointment of counsel is DENIED. When I review a motion for summary judgment in this case, and can evaluate Penunuri's likelihood of success on the merits, I will reconsider the necessity of appointing counsel.

**(iii)** Two defendants (J. Smith and O. Smith) remain unserved, the summons having been returned as unexecuted. (Dkt. No. 12.) Penunuri was directed to provide more information regarding defendants (such as their first names), or to serve them himself. (Dkt. No. 14.) Plaintiff's response does not provide the necessary information, and these defendants remain unserved. (Dkt. No. 16.) Accordingly, defendants J. Smith and O. Smith are terminated as defendants in this action and the claims against them are DISMISSED without prejudice. If Penunuri finds the information necessary to complete service and provides it to the Court, he may move to have these defendants reinstated.

**(iv)** The Court will now set a new briefing schedule, the prior one having been suspended so that Penunuri could serve the unserved defendants. Defendants shall file a dispositive motion on or before **August 3, 2020**. Plaintiff's opposition shall be filed within

1  45 days after the dispositive motion is filed.  Defendants' reply shall be filed within 15
2  days of the opposition being filed.
3      The Clerk shall terminate J. Smith and O. Smith as defendants, terminate all
4  pending motions, and enter a dispositive motion deadline of August 3, 2020.
5      **IT IS SO ORDERED.**
6  **Dated:**  April 21, 2020



WILLIAM H. ORRICK
United States District Judge